### ESTILL COUNTY v. EMBRY.

(Circuit Court of Appeals, Sixth Circuit. January 13, 1902.)

No. 995.

1. COUNTIES—BONDS—AID TO RAILROAD—ACT OF LEGISLATURE—CONSTITUTIONALITY—DECISION OF STATE COURT—EFFECT IN FEDERAL COURT.
   Where an act of the legislature of a state authorizing the issue of bonds by a county to aid a railroad has been adjudged valid, under the state constitution, by the highest tribunal of that state, such judgment is binding on a federal court sitting in such state.

2. SAME—RES JUDICATA—PRIVIES.
   Where, in an action between plaintiff's assignor and the defendant county to compel the delivery of bonds issued to aid in the construction of a railroad, all questions as to the validity of such bonds were litigated and determined, and the delivery decreed, plaintiff, as a purchaser of coupons of such bonds, though overdue, is a privy to whom all the advantages of such judgment inure.

In Error to the Circuit Court of the United States for the Eastern District of Kentucky.

The defendant in error, plaintiff below, hereinafter called the "plaintiff," filed his petition to recover upon coupons which had been issued by the plaintiff in error, defendant below, hereinafter called the "defendant," with the bonds to which they were attached, in accordance with a contract entered into for the construction of the Richmond, Nicholasville, Irvine & Beattyville Railroad, the charter for which was granted by the legislature of Kentucky, April 21, 1888. By the terms of the act, the defendant was authorized to submit to its voters the proposition by the terms of which the county was to be authorized to issue $100,000 of bonds to aid in the construction of said railroad, $50,000 of which bonds were to be delivered to the railroad company or its order when it should have completed its road to the town of Irvine, or a point within 600 yards of the town limits, and should have caused a train of passenger cars to run from that point through the counties of Estill, Madison, and Jessamine into the county of Woodford over its own road, and thence over the Louisville Southern to Louisville. By the terms of the contract of subscription so ordered by the voters of Estill county, the bonds and coupons were to be executed and placed in the hands of a trustee to be named by Estill county, which trustee was to hold the bonds until the railroad company had complied with the terms of the contract in accordance with which the issue of bonds was ordered. The charter of the railroad company provided that "it shall not be lawful for any of said bonds to be delivered to said railroad company except as the road is completed, in accordance with the order of submission made by said county court; and provided, further, that said company shall make a preliminary survey within one year after the passage of this act, and shall commence work in good faith upon its roadbed within the next year, and shall each year thereafter perform one-fifth of the work necessary to complete the road." And the contract with the railroad company provided that "the said company shall place the construction of its whole line under con-

tract at the same time, and shall commence work on its roadbed in Estill county within six months after the subscription, and shall complete its road from its Woodford county terminus to the point at or near Irvine within three years after said period of six months, and shall complete its road to its Lee county terminus within one year after the expiration of said last-named period. If either of these conditions as to time is not complied with, said railroad company shall not be entitled to any of said bonds." The county court of Estill county appointed one Edward Conroy trustee to hold the $100,000 of bonds to be issued and $100,000 of the capital stock of the railroad company, the bonds to be delivered to the railroad company, and the stock to be turned over to Estill county when the railroad company should be entitled to the bonds under the contract. Before the road was completed to Irvine, and before, therefore, the railroad company was entitled to receive the first installment of bonds amounting to $50,000, the railroad company became insolvent, and was placed in the hands of a receiver appointed by the federal court, and by him, under the orders of the court, the road was completed to Irvine within the time specified by the contract, and a train of cars was run over the track. Demand was then made on the trustee for the bonds, but he refused to deliver them. Suit was thereupon brought in the chancery court of Louisville, Ky., against the trustee and others, to compel the trustee to deliver the bonds. In that suit Estill county voluntarily appeared and was made a defendant, and set up the defenses it has set up here. After a trial the validity of the bonds was decreed, and they were ordered to be delivered. The plaintiff afterwards became the owner of the coupons involved here, and presented them for payment, which was refused, and this action was begun. The defendant filed its answer, to which a demurrer was filed. Thereafter, the first, eighth, ninth, and succeeding paragraphs of the answer having been construed by the court to be pleas to the jurisdiction, a trial of the issues of fact thereon was had, and the pleas overruled. A demurrer which had been filed to the answer was overruled, and the plaintiff filed a reply setting up the record in the case of Young v. Conroy, County of Estill, et al., above referred to, and the judgment of the court of appeals of Kentucky affirming that decree.[1] To that reply the defendant filed a demurrer, which was sustained as to the first paragraph, but overruled as to the second, and carried back and sustained as to the answer. An amended answer was filed, to which the reply above mentioned was refiled, and a demurrer to that reply was overruled by the court. A rejoinder was then filed by the defendant, to which the plaintiff filed a demurrer, which was sustained, and thereupon, defendant refusing to plead further, judgment was rendered in favor of the plaintiff for $11,-520.81, with interest and costs, which judgment is brought here by the defendant for review on writ of error.

J. B. White, for plaintiff in error.
H. L. Gordon, for defendant in error.

Before LURTON and DAY, Circuit Judges, and WANTY, District Judge.

WANTY, District Judge, after making the foregoing statement, delivered the opinion of the court.

The defendant claims that the judgment should be set aside because the statute under which the bonds were issued and delivered is unconstitutional; and, further, if the statute is held to be valid, the bonds were not legally delivered, because the conditions imposed by the charter and contract had not been performed. The particular feature of the act, that the defendant contends makes it unconstitutional, is the provision which authorizes the county judge,

---

[1] Affirmed by divided court without opinion.

after the execution of the bonds, to place them in the hands of a trustee selected by him, to be held until the conditions of the contract of subscription should be complied with by the railroad company. Under the constitution of Kentucky, as it existed at the time of the act authorizing the subscription to the stock of the railroad company, the legislature had the power to enact such a statute. This is admitted by counsel for defendant, but they contend that because the act directed that the bonds, after being executed, should be placed in the hands of a trustee to be named by the county judge, "to be held by said trustee until said railroad company may be entitled to the same" according to the terms of the contract, it is unconstitutional. A careful perusal of the constitution of Kentucky fails to disclose any provision upon which this claim can be based. If the legislature had power to authorize the issuance of these bonds upon performance of certain conditions, a provision for the manner of their delivery after the conditions had been performed could not make an otherwise valid enactment void. But this statute has been declared to be a constitutional act in the case of Young v. Conroy, above referred to by the court of appeals of the state of Kentucky, to which that cause was taken by the defendant here. The construction there placed upon this statute by the highest tribunal of the state is binding on this court, and therefore the contention that the statute is unconstitutional is not now open to the defendant in this jurisdiction.

The claim that the requirements of the contract regarding the building of the road before the bonds might be delivered had not been complied with, as well as every other question sought to be litigated here, was adjudicated in the case of Young v. Conroy, in the court of appeals of Kentucky, adversely to the defendant when the delivery of the bonds was decreed. The question of the jurisdiction of the Louisville chancery court over the parties and its authority to determine the questions presented in that suit were passed upon after a voluntary appearance by this defendant, and the judgment there is binding upon it here. The plaintiff in this action is an assignee of these coupons after they became due, and it is contended that the judgment, even if it is binding between the parties to the cause litigated, is not between the parties to this action. The plaintiff in this action purchased the coupons from the plaintiff in the cause wherein they were adjudicated valid, and is therefore a privy to whom all the advantages and infirmities attaching from that judgment inure.

The cases in the United States supreme court illustrating this rule are reviewed in the opinion of Justice Harlan in the case of Southern Pac. R. Co. v. U. S., 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355, in which he announces the general rule, which disposes of every question raised by the defendant here, as follows:

"A right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact, once determined, must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first

suit remains unmodified." Southern Pac. R. Co. v. U. S., 168 U. S. 48, 49, 18 Sup. Ct. 27, 42 L. Ed. 355.

See, also, City of New Orleans v. Citizens' Bank of Louisiana, 167 U. S. 371, 17 Sup. Ct. 905, 42 L. Ed. 202, and Union & Planters' Bank v. City of Memphis (C. C. A.) 111 Fed. 561.

The judgment must be affirmed.