ESTILL COUNTY, KY., v. EMBRY.

(Circuit Court of Appeals, Sixth Circuit. April 10, 1906.)

No. 1,512.

1. COUNTIES—BONDS—TAX LEVY—STATUTES.

Acts Ky. 1887–88, vol. 1, pp. 913–919, c. 449. authorized E. county to subscribe for stock of a railroad company, and issue bonds in payment of its subscription, directing an annual tax levy sufficient to pay the principal and interest on the bonds, provided that the company should make a preliminary survey of its route within a year after the passage of the act, and should commence work in good faith on its roadbed within the next year, and should perform each year thereafter one-fifth of the necessary work required to complete it. *Held,* that the county's liability to levy a tax did not depend on whether the conditions of the proviso had been performed by the railroad company, but on whether the bonds had been properly issued by the county.

2. SAME—SUBSCRIPTION TO STOCK OF RAILROAD COMPANY—DELEGATION OF AUTHORITY.

The county judge in Kentucky, being the presiding officer of the fiscal court, and the general business agent of the county, and the Legislature, by Acts 1887–88, vol. 1, pp. 913–919, p. 449. having authorized the fiscal court to subscribe for the stock of a railroad company, it was competent for such court, after having determined to make the subscription, to delegate the ministerial duties involved to the county judge.

3. SAME—AID BONDS—IMPROPER DELIVERY.

That county railroad aid bonds were delivered before any work was done by the railroad company, in violation of Acts Ky. 1887–88, vol. 1, pp. 913–919, c. 449. authorizing the issuance of such bonds, did not necessarily render the bonds void.

4. MANDAMUS—COUNTIES—BONDS—PAYMENT—TAXATION.

Where an order awarding a peremptory mandamus against the fiscal court of a county to compel the levy of a tax to pay railroad aid bonds specifically declared that it was for the collection of the amount specified in the judgment on the bonds, which was referred to, the order was not fatally defective for failure to specify the amount to be collected.

5. JUDGMENT—RES JUDICATA—VALIDITY OF COUNTY BONDS.

Where a county appeared and contested the regularity and sufficiency of proceedings taken to authorize the issue of railroad aid bonds, first in a state court in a suit brought to compel their issue, and again in the federal court in a suit to recover the contents of coupons on the bonds, brought by a privy to the plaintiff, and the whole issue of bonds and coupons was adjudged to be valid. the county was estopped by such decree from thereafter contesting the validity of the bonds in a proceeding to compel the levy of a tax to pay them.

In Error to the Circuit Court of the United States for the Eastern District of Kentucky.

L. A. West, C. W. Friend, Co. Atty., and J. B. White, for plaintiff in error.

Harry L. Gordon and G. A. Ginter, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. This writ of error brings here for review an order awarding a peremptory mandamus to the fiscal court of Estill county, Ky., commanding it to levy, assess, and cause to be col-

144 F.—58

lected, a tax upon the taxable property in the county sufficient to pay the judgment recovered by the petitioner against the county in the court below, which was affirmed by this court in Estill County v. Embry, 112 Fed. 882, 50 C. C. A. 573.

Section 10 of the act authorizing the county to subscribe for stock of a railroad company and to issue bonds in payment for its subscription reads as follows:

"Sec. 10. An annual tax sufficient to pay the interest and said bonds and the principal when it shall become due shall be levied and collected and paid out by the officers of said county as provided in case of other county taxes: Provided, that said company shall make a preliminary survey of its route within one year after the passage of this act and shall commence work, in good faith, upon its roadbed within the next year, and shall each year thereafter perform one-fifth of the work necessary to complete said road." Acts Ky. 1887–88, vol. 1, pp. 913–919, c. 449.

And the first point made for the plaintiff in error is that the conditions contained in the proviso have never been performed, and that therefore the fiscal board has no authority to levy the tax. But it is clear from the provisions of the act that the duty of levying the tax was dependent upon the issue of the bonds and consequent upon it. The question whether a tax should be levied depends upon the inquiry whether the bonds have been issued in such manner as to bind the county, and, if such inquiry has been settled in the affirmative, there is no new and independent question to be considered before the duty to levy the tax becomes imperative; in other words, the provisions of section 10 do not afford new standing ground for another inquiry into the validity of the bonds. The next point is that the Constitution of the state requires that the fiscal board shall make such subscriptions; whereas, in this instance the county judge is intrusted by the statute with that duty upon the resolution of the fiscal court, and that for this reason the statute is unconstitutional and void. In Kentucky the county judge is the presiding officer of the fiscal court, and is the general agent of the county in the transaction of its business. It was perfectly competent for the fiscal court, having determined to make the subscription, to entrust the ministerial duties involved in making it to the county judge. The Constitution was not infringed by that method of transacting the business.

Another objection is, as stated, that the act requires that the bonds shall be prepared and executed before any work is done by the railroad company, and shall be held by a trustee, to be delivered upon performance of the prescribed conditions, and that here the bonds were delivered before the conditions had been performed. But these facts would not necessarily render the bonds void. Conditions might exist under which the bonds thus prematurely delivered would be valid and enforceable, as if they passed, as they probably would, into the hands of an innocent purchaser. The question of their validity would depend upon the facts, which would be considered and determined by the court in which suit should be brought to enforce them.

Lastly, it is urged that the order is defective in that it does not specify the amount to be collected, and that it was not rendered by the court in term. But the order is for the collection of the amount

specified in the judgment directly referring to it, and that is certain which can be made so by employing the means supplied. If it were better that the amount should be expressly stated, the failure to do that would not be reversible error, where no motion is made to make the order more specific. The error, if any, would not be substantial. As to the last objection, that the order is void because it was not made in term time, the assumed fact is not shown, and no question arises. But we do not mean to imply that we think there might be substance in the objection if the fact were as assumed.

But, although we have discussed in a running way the points presented by counsel for plaintiff in error, we are bound to say that we think that all of them which would at any time be regarded as substantial have been settled and determined by the judgment in the state court referred to in our former opinion and by the final judgment of the court below.

Counsel for plaintiff in error rely upon the case of Brownsville v. Loage, 129 U. S. 493, 9 Sup. Ct. 327, 32 L. Ed. 780; but in that case there were two essential facts which distinguish it from the case at bar. These were, first, the city of Brownsville, in addition to its power to levy taxes for ordinary municipal purposes, was given power to levy taxes for the purpose of paying bonds, which it was authorized to issue for stock in a railroad corporation, by an act of the Legislature passed February 8, 1870. On May 5th of that year, a new Constitution of the state went into effect, which repealed the act of February 8, 1870. On May 12, 1870, the mayor and aldermen of the city passed a resolution to submit to the electors the question of subscribing for the stock of the railroad company. The election took place on June 11th following, and resulted in favor of the proposition, and on July 1, 1870, the bonds were issued. Suit was brought thereon, and judgment recovered by default upon an application for a mandamus to compel the levy of a tax to pay the judgments. The Supreme Court held that the court might go behind the judgment, and inquire into the validity of the cause of action, and, upon ascertaining that the bonds on which the judgment rested were void, held that the writ should be denied. As is seen from the foregoing statement, the power to issue bonds and the power to levy taxes for paying such bonds had both been taken away by the new Constitution. The bonds were held void, "not," says Chief Justice Fuller, "because of a defective exercise of the power to issue them, but because of a total absence of such power." Secondly, in that case judgment had been suffered by default, and the questions concerning the validity of the bonds had not been litigated. In the present case the objections urged are not rested upon the absence of power in the county to issue such bonds, but upon the defective exercise of the power to issue them; and the county appeared and contested the regularity and sufficiency of the proceedings taken to authorize the issue of the bonds, first, in the state court in the suit brought to compel their issue, and again in the federal court, in a suit to recover the contents of coupons on the bonds brought by a privy to the plaintiff in the suit in the state court, where the whole issue of bonds and coupons was adjudged to be valid. This court held

upon writ of error brought to review this judgment that the county was estopped by the decree in the state court from contesting the validity of the bonds. Estill County v. Embry, 112 Fed. 882, 50 C. C. A. 573. The question of their validity covered every fact essential thereto, and the judgment necessarily affirmed their existence. If the county has not in these suits presented every defense to the cause of action, it might have done so, and, it being the same cause of action, the estoppel is complete. If the plaintiff was entitled to the judgment he has recovered, he is entitled to the fruits of it; and, if the county will not pay it, he is entitled to this remedy.

These conclusions cover the whole subject brought here on this writ of error, and the result is that the order of the court below should be affirmed, with costs.