## J. P. STEVENS ENGRAVING CO. v. UNITED STATES.

### No. 1245.

District Court, N. D. Georgia.
Feb. 23, 1931.

Sutherland & Tuttle, of Atlanta, Ga., for plaintiff.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., for the United States.

BARRETT, District Judge.

Subsequent to the decision of Judge Sibley in this case on November 20, 1930, based upon an opinion dated November 15, 1930 (44 F.[2d] 822), the Supreme Court of the United States on January 5, 1931, in the case of Charles H. Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 148, 75 L. Ed. ——, decided that a waiver executed after the right to collect the tax had become barred was valid and effective. Motion is now made to set aside the judgment overruling the demurrer and that such demurrer shall be now sustained.

Complainant recognizes that the decision in the Stange Case as to the time of waiver controls in this case, and that if Judge Sibley's opinion rested solely upon the question as to the validity of the waiver executed after the bar of the statute the grant of the present motion would be proper; but it is insisted that there are other issues in the petition which when decided will sustain its contention and which were not decided by Judge Sibley because of what he thought was the controlling fact, namely, that the waiver had been executed after the bar of the statute had arisen as to the tax of 1921 and was therefore ineffective. Such alleged undecided issues are now dealt with.

■ 1. As to the alleged lack of authority of Paul Dixon to sign the name of plaintiff (even though by stamp) as "Sect'y & Treas., Taxpayer," Judge Sibley apparently dealt with this feature, and I concur with his conclusion that, "This fiscal officer of the corporation, who must swear to its return and who is charged with the duty of paying its taxes, prima facie has the authority to make this consent."

Subsequent to the decision of Judge Sibley there was brought to my attention the case of Panther Rubber Mfg. Co. v. Commissioner of Int. Rev., 45 F.(2d) 314 (C. C. A., First Circuit), decided November 26, 1930. The waiver there was by the president and challenge was made of his authority. The question was not decided, but the court uses this language: "We have grave doubts of the president's authority, under the by-laws of these companies, to execute such a waiver after the statutory period has expired." It will be noted that reference is made to the by-laws, the provisions of which are not brought to our attention. It may well be that the president's authority was so limited by the by-laws of these companies, but there is nothing before us in the instant case showing any such limitation upon the powers of the secretary and treasurer.

2. A fair interpretation of the petition is that the mistake "as to the expiration of the statutory period of limitations applicable to assessment and collection of taxes for plaintiff's fiscal year ended July 31, 1921," was mutual. There are no allegations warranting a conclusion that plaintiff was acting under duress or fraud.

■ Authorities abound that generally "knowledge of the existence of the right, benefit or advantage on the part of the party claimed to have made the waiver is an essential prerequisite to its relinquishment. No one can be said to have waived that which he does not know: or where he has acted under a misapprehension of facts." 40 Cyc. p. 259; 27 R. C. L. p. 908; Bouv. Law Dict. Vol. 3, page 3417; Panther Rubber Mfg. Co. Case, supra. The above principle seems to me to be sound and would cause me to overrule the demurrer were it not for the last sentence in the paragraph below quoted from the Stange Case, viz.: "In November, 1922, both parties understood that the tax would be assessed and collected after a proper consideration of the taxpayer's objections to any additional assessment. To secure sufficient time for this purpose, the so-called waiver was executed. The failure to insert in the written consent words expressly waiving the statutory limitation upon collection is explained by the belief prevailing prior to the decision in Bowers v. N. Y. & Albany Lighterage Company, 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, that distraint, the common method for coercing payment, was possible even when the statutory period for collection by suit had expired. That the parties at the time may have believed that collection was possible independent of any waiver, does not make less effective the instrument given for the purpose of tolling the limitation on the ultimate determination and collection of the tax."

I am inclined to think that such sentence may be obiter, inasmuch as the precise question was not argued, but am not sufficiently satisfied of that to disregard its otherwise controlling effect.

3. No consideration was necessary to sustain the waiver. Loewer Realty Co. v. Anderson, Collector of Int. Rev. (C. C. A.) 31 F.(2d) 268, 270.

4. This opinion is after the allowance of the amendment by plaintiff on February 18, 1931, and presentation by defendant of its demurrer to the petition as amended.

Therefore a rehearing is granted, and the demurrer of the government is sustained.