J. O. Brown, Administrator, Estate of Henry Hornecker, Deceased, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 9322. Promulgated April 8, 1931.

*Jay W. Whitney, Esq.*, and *L. Karlton Mosteller, Esq.*, for the petitioner.

*Arthur Carnduff, Esq.*, for the respondent.

1118

OPINION.

LANSDON: The parties have stipulated the tax liability, if any, but the petitioner contends that the respondent erred in not finding that at the date of the deficiency letter his authority to act had been tolled by the statute of limitations. The respondent supports his authority by submitting waivers which he contends have saved the Government's right to collect the tax.

In his brief the petitioner denies the validity of the waiver signed. by him on February 8, 1921, and by the Commissioner on December 1, 1922. He contends (1) that at February 8, 1921, the Commissioner was without authority to sign any waiver; (2) that the waiver is invalid because it was executed and filed by the petitioner prior to the effective date of the Revenue Act of 1921 and approved by the Com-

missioner after that date; (3) that such waiver, even if valid, extended only the time within which the Commissioner might assess the tax and that, as assessment and collection are independently provided for in the various revenue acts, they are separately and independently limited by such acts, and therefore extension of the time to assess is without effect to enlarge the time to collect; (4) that even if valid the waiver may not be extended to include any liability for war excess-profits taxes due for 1917, because it included only taxes imposed by the Act of Congress approved September 8, 1916, as amended by the Act approved October 3, 1917; and (5) that regardless of its validity the waiver filed on February 9, 1921, expired on April 1, 1924.

In *Aiken* v. *Burnet*, 282 U. S. 277, the Supreme Court disposed of a question in all respects similar to that raised by the petitioner in points (1) and (2) above. Speaking through Justice Brandeis, it there said:

This contention is not sound. The limitation periods on assessment could be waived by the taxpayer in the same fashion as other statutes of limitations are waived.

The contention that the waiver is invalid because it was signed by the Commissioner after the effective date of the Revenue Act of 1921 is thus disposed of in the Aiken case:

While § 250 (d) first specified that a waiver be in writing and signed by the Commissioner, there was nothing in that section which invalidated waivers made prior to its enactment or limited the effect of such instruments on the limitations therein imposed. Compare *Florsheim Bros.* v. *United States*, 280 U. S. 453, 467. The first waiver, by its express terms, embraced " any and all statutory limitations " upon the assessment of these 1917 taxes. We see no reason for restricting the language so as to exclude the limitations subsequently imposed by § 250 (d) of the Act of 1921.

In *Stange* v. *United States*, 282 U. S. 270 (Jan. 5, 1931), the Supreme Court thus disposes of the petitioner's third point there raised on similar facts:

It is contended that the so-called waiver was inoperative because its provisions did not conform to § 250 (d) of the Revenue Act of 1921 in that it waived " any and all statutory limitations as to the time within which assessments based upon such liability may be entered," but did not in terms refer to the " determination " or " collection " of the tax. The argument is that Congress had, in respect to a waiver, prescribed an exact and mandatory procedure under which the Commissioner was authorized to defer action only if the taxpayer expressly waived the limitations on all three steps, determination, assessment, and collection,—reliance being had on the use of the conjunctive " and " in the section; that the statutory authority given the Commissioner to consent to a later performance of these three steps did not imply a like authority as to any one of them; that under § 250 (d) the periods within which both assessment and collection must be made, run concurrently five years from the filing of the return; and that nothing was accomplished

by consenting to the assessment, since the assent to a later collection was withheld.

We are of the opinion that the validity of a waiver under § 250 (d) was not conditioned on the precise use of the three words therein mentioned. As pointed out in *Florsheim Bros., etc.* v. *United States*, 280 U. S. 453, 466, a waiver is not a contract, and the provision requiring the Commissioner's signature was inserted for purely administrative purposes and not to convert into a contract what is essentially a voluntary, unilateral waiver of a defense by the taxpayer. The ambit of the Commissioner's authority may be in many respects limited by the statute, *Florsheim Bros., etc.* v. *United States, supra*, at 464, but no reason appears why it was essential that specific reference be made to the period for collection, or why he could not, with the taxpayer's consent, employ one word instead of three to secure the desired result. The waiver, in terms, was executed by the taxpayer in order " that his liability . . . might be determined " only after intensive and thorough reconsideration by the Commissioner. The parties cannot have intended to have the amount of the tax ascertained and to leave the taxpayer free to pay it or not. They clearly contemplated the entire procedure necessary to determination and collection of the tax. This does not mean that the distinctions between assessment and collection were to be disregarded but merely that the employment of a single term comprehended both steps.

In November, 1922, both parties understood that the tax would be assessed and collected after a proper consideration of the taxpayer's objections to any additional assessment. To secure sufficient time for this purpose, the so-called waiver was executed. The failure to insert in the written consent words expressly waiving the statutory limitation upon collection, is explained by the belief prevailing prior to the decision in *Bowers* v. *N. Y. & Albany Lighterage Company*, 273 U. S. 346, that distraint, the common method for coercing payment, was possible even when the statutory period for collection by suit had expired. That the parties at the time may have believed that collection was possible independent of any waiver, does not make less effective the instrument given for the purpose of tolling the limitation on the ultimate determination and collection of the tax. It must be assumed that an effective and not a futile act was intended.

In *Aiken* v. *Burnet, supra*, the Supreme Court, on facts similar to the record here, thus disposed of the petitioner's contention:

It is contended that the first waiver, even if valid, did not operate to extend the period for the assessment of war-profits as distinguished from income taxes. The argument is based on the reference in the waiver, which was prepared by the Commissioner, to "all Federal taxes imposed by the Act of Congress, approved September 8, 1916, as amended by the Act of Congress, approved October 3, 1917," and it is contended that the war-profits tax was a separate enactment, not an amendment to the 1916 Act, and hence not included within the waiver. It is clear that this waiver was intended to embrace all liability under the 1917 return then pending. Moreover, the only statute approved October 3, 1917, was the Revenue Act of that year, Chapter 63, the general object of which was to increase for war purposes the taxes levied by the Act of 1916.

In the light of the authorities above cited it is clear that the waiver of February 8, 1921, was valid for the purposes for which it was intended.

Petitioner next contends that even if valid when executed the waiver of February 8, 1921, expired on April 1, 1924. This, of course, is true. *Wirt Franklin,* 7 B. T. A. 636; *Henry M. Leland,* 8 B. T. A. 974; *O'Neill Machine Co.,* 9 B. T. A. 567; *Homer M. Preston,* 9 B. T. A. 645; *Theodore H. Wickwire, Jr., et al., Executors,* 10 B. T. A. 102; *National Tool Co.* v. *Routzahn,* 28 Fed. (2d) 914. In all these cases it is held that an unlimited waiver of tax liability for 1917 expired on April 1, 1924, in conformity with Commissioner's Mim. 3085. This conclusion, however, does not dispose of the question at issue, since the petitioner executed other waivers on February 12, 1924, and February 2, 1925, the effect of which must be determined.

It is obvious that the waiver of February 12, 1924, was executed prior to April 1 of that year, the date on which the unlimited waiver of February 8, 1921, expired under the terms of the Commissioner's Mim. 3085. The petitioner contends that this waiver is invalid, because he has proved beyond question that the waiver of February 8, 1921, was invalid. Since we hold to the contrary on authority of Supreme Court cases, it follows that the waivers of February 12, 1924, and February 2, 1925, were validly entered into since the date of each was within the original statute of limitations or an extension of such limit agreed to by the petitioner. Even if the original term of the statute of limitations had expired prior to February 12, 1924, and/or February 2, 1925, it does not follow that waivers executed at such dates were invalid for their intended purposes. It is now well established that a taxpayer's liability for taxes of any year may be acknowledged and revived by a waiver executed after the statute of limitations has tolled. *Joy Floral Co.,* 7 B. T. A. 800; *Stange* v. *United States, supra.*

> Decision will be entered for the respondent under Rule 50.