*1334 OPINION.
Smith :
The petitioner contends that the deficiency in income and profits tax for 1918 is barred from collection by the operation of the statute of limitations.
No question is raised but that the deficiency was legally assessed against the petitioner in the amount of $89,554.55 on March 14, 1924. Petitioner first contends that the Commissioner should have proceeded to collect the assessment within the period of the statute of limitations extended by the waiver of February 28, 1924. Without that waiver the collection of the assessment was barred five years from the date the return was made. Since the return was made on June 13, 1919, the bar of the statute fell (without consideration of the waiver) on June 13,1924. The waiver, however, clearly extended the time to June 13, 1925.
The next waiver was filed by the petitioner on November 19, 1925, and that waiver was only a waiver with respect to the time of the assessment of the deficiency. We understand the contention of the petitioner to be (no brief was filed) that this waiver executed after the statutory period of limitation had expired and being only for the assessment of the tax, is not effective to extend the period within which the deficiency may be collected. In Aiken v. Burnet, 282 U. S. 277, it was held that a waiver of assessment was intended to “ embrace all the steps necessary for the ultimate collection of the tax.” The Supreme Court has also held that a waiver given after the statute of limitations had fallen is binding upon the taxpayer. Stange v. United States, 282 U. S. 270. We must therefore hold that the waiver given on November 19, 1925, and effective to December 31, 1926, is a valid waiver for the collection of the deficiency.
The waiver of November 22, 1926, further extended the time for assessment to December 31, 1927, and within that period the Commissioner sent the deficiency notice to the taxpayer. In accordance with the decisions above cited, it must be held that the collection of the deficiency is not barred.
*1335 As above indicated, the Commissioner moved to correct the deficiency notice by increasing the amount of the deficiency by $4,066.46. .This was plainly an error due to inadvertence. The motion for increasing the deficiency is allowed.

Judgment will be enterd under Rule 50.