*149 OPINION.
Van Fossan:
We will first consider the issue relating to the applicability of the statute of limitations. The petitioner relies on Section II, G (c) of the Revenue Act of 1913, which provides, in part, as follows:
All assessments shall be made and the several corporations, * * * shall be notified of the amount for which they are respectively liable * * * provided, That every corporation, * * * shall pay the taxes due under its assessment within one hundred and twenty days after the date upon which it is required to file its list or return of income for assessment; except in cases of refusal or neglect to make such return, and in eases of false or fraudulent returns, in which cases the Commissioner of Internal Revenue shall, upon the discovery thereof, at any time within three years after said return is due, make a return upon information obtained as provided for in this section or by existing law, and the assessment made by the Commissioner of Internal Revenue thereon shall be paid by such corporation, * * *
The petitioner, moreover, contends that section 250 of the Revenue Act of 1921 does not repeal or supersede the provisions of Section II, G, of the Revenue Act of 1913.
Section 250 (d) provides in part as follows:
The amount of income, excess-profits, or war-profits taxes due under any return made under this Act * * * shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or prior income, excess-profits, or war-profits tax Acts, * * * shall be determined and assessed within five years after the return was filed * * * Provided further, That in the case of a false or fraudulent return with intent to evade tax, or of a failure to file a required return, the amount of tax due may be determined, assessed, and collected, and a suit or proceeding for the collection of such amount may be begun, at any time after it becomes due.
The terms of this section are clear and unmistakable. If no return was filed the tax may be determined, assessed and collected at any time after it becomes due. See Charles H. Stange, 282 U. S. 270. The Lewiston Sugar Company filed no return for the period from March 1, 1914, to December 19, 1914, inclusive, nor was any return made for it by the Commissioner. Under similar circumstances we have held repeatedly that a return was required. Paso Robles Mercantile Co., 12 B. T. A. 750; affd., 33 Fed. (2d) 653; certiorari *150 denied, 280 U. S. 595; Sweets Company of America, 12 B. T. A. 1285; Norwich Woolen Mills Corporation, 18 B. T. A. 303. Since no return was filed by the transferor, the statute ox limitations did not run and the provisions of section 280 (b) of the Revenue Act of 1926 are not applicable. The liability against the transferor may be asserted at any time. Hill Goldwater, 21 B. T. A. 73.
The petitioner challenges the liability of itself as transferee solely on the theory that assessment against it is barred by the operation of section 280 (b) (2) of the Revenue Act of 1926. The provisions of that section apply only in cases in which the period of limitation has expired, but assessment was made against the transferor within such period. In the case at bar there was no period of limitation and, hence, the ensuing words of limitation relating to the transferee do not apply. From the facts we find ample ground to conclude that the petitioner is liable as transferee for the deficiencies in income tax asserted against the Lewiston Sugar Company for the period from March 1 to December 19,1914', inclusive.
Reviewed by the Board.

Judgment will he entered for the respondent.

Matthews dissents.