*1092 OPINION.
Artjndell :
Petitioner’s position is that the last two waivers served only to extend the period for assessment of the 1917 tax, and not its collection. This view, however, we think is precluded by Stange *1093 v. United States, 282 U. S. 270. There the same argument was made, but, as the court pointed out, something more than a futile act was intended by the agreement between the parties and the intention of the parties was to extend not only the period for assessment, but the period for collection. At the time the waivers in the instant case were given, the tax had long been assessed and the claim in abatement was filed, and it was during the pendency of the abatement proceedings that the waivers were given. To construe the instruments as meaning that the parties had in mind simply .the assessment of some additional amount other than that already assessed and that the Commissioner was not concerned with the collection of the amount he had already determined and assessed seems to us an altogether unreasonable interpretation of the agreement entered into by the parties. The waivers were sufficient to extend the period for collection. Stange v. United States, supra; Burnet v. Chicago Ry. Equipment Co., 282 U. S. 295; United States v. Southern Lumber Co., 51 Fed. (2d) 956.
Nor are we impressed with petitioner’s argument that section 278(d) of the 1924 and 1926 Acts, in providing different'periods of limitation for assessment and collection, necessarily requires separate waivers for assessment and collection, and that Stange v. United States, supra, is not controlling. The intention of the parties was to extend the period for collection and we see nothing in section 278(d) to prevent giving effect to that understanding.
The waivers extended the time for collection to December 31, 1927. Within less than a year thereafter liability for taxes due from the taxpayer was asserted against the petitioner as transferee. The notice was timely. Louis Costanzo, 16 B. T. A. 1294; Newport Co., 24 B. T. A. 1246.
, For the years 1916 and 1917 decision will be entered for the respondent. For the years 1918 and 1919 decision will be entered for the petitioner.