**WEATHERFORD, CRUMP & CO. et al. v. BASS, Collector of Internal Revenue.**

No. 6492.

Circuit Court of Appeals, Fifth Circuit.

Feb. 23, 1933.

Rehearing Denied April 4, 1933.

Arthur A. Moreno, of New Orleans, La., for appellants.

John D. Hartman, U. S. Atty., of San Antonio, Tex., and Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This action was brought in October, 1931, by Weatherford, Crump & Co., a Texas corporation, to recover an amount, $166,934.33, which was paid by it on April 6, 1926, with interest thereon. That was the amount of a deficiency of income and profits taxes for the year 1917 assessed by the Commissioner of Internal Revenue against Hubbell, Slack & Co., another Texas corporation, whose liabilities were assumed by Weatherford, Crump & Co. The petition alleged that said tax was not due because it had not been assessed within the time within which the Commissioner of Internal Revenue had power to assess it.

The petition's allegations to that effect were put in issue. Those allegations disclosed the only ground on which the validity of the tax in question was challenged. The court directed a verdict in favor of the defendant.

[1] Hubbell, Slack & Co. was dissolved in January, 1923. Under Texas statutes, upon the dissolution of the corporation, no receiver being appointed by a court of competent jurisdiction, the corporation's president and directors at the time of its dissolution became trustees of its creditors and stockholders, with power to settle its affairs, and for this purpose the corporation was continued in existence for three years. Revised Civil Statutes of Texas, 1925, arts. 1388, 1389. Mr. Robert E. Goree was one of those trustees, having been a director and vice president of Hubbell, Slack & Co. at the time of its dissolution. At the time of the dissolution of Hubbell, Slack & Co., the matter of its liability for income and profits taxes for the year 1917 was pending before the Commissioner of Internal Revenue, including an application, made in its behalf by Robert E. Goree, for a special assessment or a reduction of the amount shown by an audit by tax officials of its income and profits tax return for the year 1917. Prior and subsequent to the date of the dissolution of Hubbell, Slack & Co., Mr. E. G. Ainslie was lawfully authorized to represent Hubbell, Slack & Co. and Weatherford, Crump & Co. before the Treasury Department of the United States with regard to the tax liability of those corporations, and pursuant to such authority, was representing those corporations during the month of March, 1925. An instrument purporting to be a waiver of the time prescribed by law for making any assessment of income or profits taxes for the year 1917, dated March 10, 1925, and signed "Hubbell, Slack & Co., Taxpayer, by Robt. E. Goree, V. P." was received by the Special Assessment Section of the Bureau of Internal Revenue on March 13, 1925, and was also signed by the Commissioner of Internal Revenue. That instrument was executed pursuant to a request contained in a communication of J. G. Bright, Deputy Commissioner of Internal Revenue, addressed to Hubbell, Slack & Co., Houston, Tex. Mr. E. G. Ainslie, in a letter dated March 14, 1925, addressed to Mr. J. G. Bright, Deputy Commissioner of Internal Revenue, Washington, D. C., referred to that request, and stated: "I am representing the taxpayer in these matters and have accordingly obtained waivers duly signed to protect you in the subject of tax liability for the year

1917." Uncontradicted evidence showed that the signing of the above-mentioned instrument and the forwarding of it to Washington were in pursuance of the request or direction of Mr. E. G. Ainslie.

It is not fairly open to dispute that, if the above-mentioned instrument dated March 10, 1925, was binding on the taxpayer, there was no evidence tending to prove that, when the tax assessment in question was made, the time allowed by law for making it had expired. It is not material that at the time of the execution of that instrument the time allowed for making such assessment had expired. Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335. The tax legally could be assessed at any time prior to the expiration of a period for the assessment of it which was consented to in writing by the Commissioner and the taxpayer. Revenue Act 1924, § 278 (c), 43 Stat. 299 (26 USCA § 1060 note). It appeared that the above-mentioned instrument dated March 10, 1925, was signed in the name and behalf of the taxpayer at the instance or direction of Mr. E. G. Ainslie, who was empowered to act for the taxpayer in executing that instrument or in authorizing the execution of it by another person for and in the name of the taxpayer. In the circumstances attending the writing and transmission of the above-mentioned letter of Mr. Ainslie the above set out part of it amounted to a statement or representation that the above-mentioned instrument dated March 10, 1925, was the act of the taxpayer. That statement or representation, being made on behalf of the taxpayer by its lawfully authorized representative, in legal effect was the same as if it had been made by the taxpayer itself. What uncontroverted evidence showed was done amounted to the Commissioner of Internal Revenue and taxpayer consenting in writing to the assessment of the tax at any time prior to the expiration of the period defined in the above-mentioned instrument dated March 10, 1925. Jaffee v. Commissioner of Internal Revenue (C. C. A.) 45 F.(2d) 679; Philip Carey Mfg. Co. v. Dean (C. C. A.) 58 F.(2d) 737. No evidence adduced tended to prove that that period had expired when the tax assessment in question was made.

The allegations challenging the validity of the tax in question not being supported by evidence, the above-mentioned ruling was not erroneous.

The judgment is affirmed.