## UNITED STATES v. STANDARD SILK CO.

District Court, S. D. New York.
Dec. 18, 1934.

Martin Conboy, U. S. Atty., of New York City (Harry G. Herman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Johnson & Shores, of New York City, for defendant.

COXE, District Judge.

This is a suit by the United States to recover $31,661.75, alleged to have been erroneously and unlawfully paid to the defendant, with interest from January 14, 1930. The action was tried before a jury of one, and at the close of the case both sides asked for a directed verdict.

On April 1, 1918, the defendant filed its 1917 tax return, and thereafter paid a tax of $140,879.87. Subsequently, and on January 24, 1921, the defendant executed and filed an unlimited assessment waiver. This waiver was approved in writing by the Commissioner on March 7, 1923; and by a later departmental ruling the effective period of the waiver was limited to expire April 1, 1924. Mim. 3085, I. R. Cum. Bul. II–1, p. 174; Aiken v. Burnet, 282 U. S. 277, 279, 51 S. Ct. 148, 75 L. Ed. 339.

On March 11, 1924, and before the expiration of the waiver, a jeopardy assessment of $61,771.30 was made against the defendant. Thereafter, and on March 26, 1924, the defendant filed a claim in abatement. This claim was allowed on October 31, 1924, to the extent of $37,118.05; and on September 11, 1925, that sum was abated; and, on October 13, 1925, the balance of $24,653.25 with interest, or a total of $25,269.58, was paid by the defendant.

Subsequently, and on January 21, 1928, the defendant filed a claim for refund for $25,269.58, being the amount of the payment made on October 13, 1925, asserting that the waiver was ineffective to warrant "collection" of the tax after the expiration of the five year limitation period. This contention was upheld by the Commissioner under a mistaken notion of the law, Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335; Aiken v. Burnet, 282 U. S. 277, 51 S. Ct. 148, 75 L. Ed. 339; and on January 14, 1930, payment was made to the defendant of the full amount of the claim, with accrued interest, or a total of $31,661.75.

The present suit is to recover the amount of the refund on the ground that the Commissioner, in allowing the claim for refund, was acting under a clear mistake in law in his interpretation of the language of the waiver. This manifestly was so, in the light of the recent rulings of the Supreme Court, holding that such a waiver extended, not only the time for assessment, but also the period of the collection of the tax, Stange v. United States, supra; Aiken v. Burnet, supra; and it is settled that moneys paid by the government under a mistake of fact or law may be recovered, Wisconsin Cent. R. Co. v. United States, 164 U. S. 190, 17 S. Ct. 45, 41 L. Ed. 399.

It is, however, insisted by the defendant that the waiver was inoperative to extend the limitation period because (1) no proof of the Commissioner's signature was offered, and (2) the Commissioner did not give the claim the "deliberate, intensive, and thorough consideration" required by the language of the waiver. Neither contention is sound. The waiver was not a contract, but merely "a voluntary, unilateral waiver of a defense by the taxpayer." Stange v. United States, 282 U. S. 270, 275, 276, 51 S. Ct. 145, 147, 75 L. Ed. 335. Moreover, there is a presumption of correctness with respect to official action; Onondaga Co. v. Commissioner of Internal Revenue (C. C. A.) 50 F.(2d) 397, certiorari denied 284 U. S. 671, 52 S. Ct. 126, 76 L. Ed. 567.

There is no merit, either, in the contention that the government has not shown affirmatively that the Commissioner was justified in making a jeopardy assessment. Section 250 (d) of the 1921 Revenue Act (42 Stat. 264, 265), permits such an assessment "where the Commissioner believes that the collection of the amount due will be jeopardized"; and the Commissioner's determination in that respect is hardly open to challenge here.

The defendant urges also that the tax was improper, for the reason that the defendant should have been affiliated with A. D. Juilliard & Co., a copartnership, and two corporations known as Atlantic Mills of Maine, and Atlantic Mills of Rhode Island; and that, if such affiliations had been allowed, no tax could properly have been assessed. It is, I think, a complete answer to this contention that the defendant filed a separate return for 1917, and the Commissioner's ruling that the corporations and the partnership should be affiliated in different groups was accepted without question or challenge. Indeed, in a memorandum submitted on behalf of the defendant in an endeavor to secure a special assessment with respect to excess profits and war profits taxes for 1917 and 1918, it was admitted that under the law affiliation with the partnership of A. D. Juilliard & Co. was not proper; and it was urged that for that very reason relief should be accorded.

There may be a verdict for $31,661.75, with interest from January 14, 1930, in favor of the plaintiff and against the defendant.