Jack M. LESSER, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 63–C–1228.

United States District Court E. D. New York.

March 5, 1965.

See also D.C., 230 F.Supp. 817.

. Daniel H. Greenberg, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., for defendant; Peter J. Ciano, Washington, D. C., of counsel.

MISHLER, District Judge.

Plaintiff, Jack M. Lesser (taxpayer), moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in respect of the counterclaim asserted by the defendant in its answer. It is evident from the papers submitted that the sole question to be decided revolves upon whether or not the applicable statute of limitations has run. If it has run, the motion must be granted; if not, it must be denied.

On March 8 and 15, 1956, the Commissioner of the Internal Revenue Service (Commissioner) assessed a penalty against the taxpayer. Taxpayer, on January 26, 1959, submitted to the District Director a signed offer in compromise on Treasury Department Form 656–C. The form contains a provision whereby taxpayer expressly waives "2. The benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for 1 year thereafter." It also contains a provision which states: "Waiver of statutory period of limitations is hereby accepted, and offer will be considered and acted upon in due course." Directly underneath the latter, provision is made for signature by the District Director or Commissioner.

The waiver in the instant case was signed "Thomas E. Scanlon (typewritten) by Ernest Shaw (signature), Chief, Revenue Accounting Branch (typewritten)."

The District Director received a deposit of $500.00 with the submission of the offer in compromise. After rejection of the offer on June 1, 1962, taxpayer filed a claim for refund. Upon denial of the latter taxpayer commenced an action for refund of the above sum. The United States, in its answer, counterclaimed for the amount due and unpaid on the aforementioned assessments. In his reply, taxpayer denied some of the allegations contained in the counterclaim and, in addition, affirmatively asserted the statute of limitations as a defense.

Taxpayer, in support of his motion, argues that since section 6502(a)(2) of the Internal Revenue Code of 1954 provides that an agreement to extend the statute of limitations must be signed by both the taxpayer and either the Secretary or his delegate, and that since Treas. Reg. § 301.6502–1(a)(2)(i) provides that such agreement, to become effective, be signed by the District Director and the taxpayer, then the agreement as signed in the instant case is defective. Accordingly, the statute of limitations was never extended and had run at the time of the assertion of the counterclaim. Taxpayer asserts further, however, that even if the signature is authorized, notice of acceptance was never given by the Commissioner or his delegate thus making the waiver, considered as contractual in nature, defective.

The Government does not dispute the facts above set forth. The Government argues that the waiver, being a unilateral act, does not require "acceptance" by the Government; in any event the waiver provisions of the compromise offer were duly signed on behalf of the District Director. The Government further argues that notice of such acceptance need not be given.

The threshold question is whether or not the District Director may delegate to another his authority to sign consents to extensions of the statutory period of limitations applicable to collections after assessment.

■ The law is quite clear in this respect. Commissioner Delegation Order 42 (Nov. 1, 1956), 56–2 Cum. Bull. 1378, (appended hereto) specifically provides for such redelegation to any "officer or employee of the Internal Revenue Service, performing services under his supervision and control;" and the redelegation of authority must be in writing. E. g., Myrick v. United States, 1961, 5th Cir., 296 F.2d 312. While the order, by its terms, applies solely to the provisions of the Internal Revenue Code of 1939, by virtue of Int. Rev. Code of 1954, § 7807 (a) and Treas. Reg. § 601.601, it is likewise applicable to the code now in effect.

It should be noted that taxpayer produced no evidence to show that Ernest Shaw's authority to sign on behalf of the District Director was not in writing. The Court therefore assumes that Mr. Shaw was properly authorized, and that the taxpayer's waiver was duly accepted.

■■ In any event the language of the statement of acceptance clearly indicates that a waiver by a taxpayer is unilateral in nature. See Holbrook v. United States, 1960, 9th Cir., 284 F.2d 747; John M. Parker Co. v. Commissioner, 1931, 5th Cir., 49 F.2d 254; United States v. Heyl, 1964, S.D.N.Y., 232 F.Supp. 489; but see Commissioner of Internal Revenue v. United States Refractories Corp., 1933, 3d Cir., 64 F.2d 69, aff'd sub. nom. Helvering v. United States Refractories Corp., 1933, 290 U. S. 591, 54 S.Ct. 94, 78 L.Ed. 521 (per curiam; equally divided court); see 10 Mertens, Law of Federal Income Taxation § 57.47 (Zimet rev. 1964). Since the Court finds the waiver was duly accepted, the Court does not reach the issue of the effectiveness of a waiver where acceptance is lacking; nor is notice of acceptance necessary. Greylock Mills v. Commissioner, 1929, 2d Cir., 31 F.2d 655; cf. Stange v. United States, 1931, 282

U.S. 270, 51 S.Ct. 145, 75 L.Ed. 335; Florsheim Bros. Drygoods Co. v. United States, 1930, 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542.

■ Taxpayer is thus bound by his waiver and the statute of limitations had not run at the time of the assertion of the counterclaim.

Taxpayer's motion is denied. Partial summary judgment is granted the Government by striking the affirmative defense of the statute of limitations. See Local 33, Hod Carriers Union v. Mason Tenders Dist. Council, 1961, 2d Cir., 291 F.2d 496.

Settle order on two (2) days notice.

| U. S. TREASURY DEPARTMENT<br>**INTERNAL REVENUE SERVICE** | Order No. 42 | |
|---|---|---|
| **DELEGATION ORDER** | DATE OF ISSUE<br><br>November 1, 1956 | EFFECTIVE DATE<br><br>January 1, 1957 |

SUBJECT

Authority to Execute Consents Fixing the Period of Limitation on Assessment or Collection Under the Internal Revenue Code of 1939

Pursuant to the authority vested in me by Commissioner Delegation Order No. 33:

1. There is hereby delegated to each District Director of Internal Revenue the authority to enter into and sign all consents fixing the period of limitation upon assessment or collection which have been or may hereafter be submitted in connection with assessments or collections for any taxable year or for any taxable period under the applicable provisions of the Internal Revenue Code of 1939.

2. There is hereby delegated to each Assistant Regional Commissioner (Appellate) the authority to enter into and sign all consents fixing the period of limitation upon assessments which have been or may hereafter be submitted in connection with assessments for any taxable year or for any taxable period under the applicable provisions of the Internal Revenue Code of 1939.

3. Each District Director of Internal Revenue and Assistant Regional Commissioner (Appellate) is further authorized to redelegate, in writing, to any officer or employee of the Internal Revenue Service, performing services under his supervision and control, the authority to sign such officer's or employee's name to consents on behalf of the District Director or Assistant Regional Commissioner (Appellate).

4. This Order supersedes Commissioner's Reorganization Order No. 4, dated May 15, 1952, and No. 4, amended, dated July 22, 1952.

(s)   C. W. Stowe
Assistant Commissioner
(Operations)