## O'DONNELL v. CULLEN (PRICE, Intervener).

### No. 1148.

Circuit Court of Appeals, Tenth Circuit.

April 10, 1935.

Robert G. Bosworth, of Denver, Colo. (James H. Pershing and Clyde C. Dawson, Jr., both of Denver, Colo., on the brief), for appellant.

Edward E. Murane, of Casper, Wyo., for appellee C. A. Cullen.

Myles P. Tallmadge, of Denver, Colo., for appellee R. C. Price.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

The City of Casper issued Paving District No. 38 Improvement Bonds each for the principal sum of $500, dated July 1, 1924, numbered 1 to 339, inclusive, payable on or before July 1, 1934, and bearing interest at the rate of 6 per cent. per annum, payable semi-annually, evidenced by interest coupons attached. Each of such bonds recited:

"This bond is one of a series issued for the payment of the cost and expense of the construction of paving improvements in Casper Paving District No. 38, in the City of Casper, Wyoming, as authorized by chapter 129, Wyoming Compiled Statutes, 1920, and all other laws hereunto enabling, and 'neither the holder nor owner of any bond issued under the authority of this chapter shall have any claim therefor against the city by which the same is issued, except from the special assessment made for the improvement for which such bond was issued, but his remedy, in case of non-payment, shall be confined to the enforcement of such assessments.' The principal sum herein named and the interest thereon shall be

payable out of the local improvement fund created for the payment of the cost and expense of such improvement and not otherwise."

O'Donnell is the owner of bonds numbered 183, 185, 191, 193, 203, 205, 211, 213, 215, 224, 226, 235, 248, 250, 252, 254, 256, 258, 273, 275, 277, 279, 281, 283, 285, and 309.

He brought this suit in equity, on behalf of himself and other owners of bonds of the same issue, against the City Treasurer of Casper to enjoin the latter from applying funds derived from special assessments levied against property in such district toward the payment of such bonds in numerical order, and to require the treasurer to apply such funds toward the pro rata payment of such bonds. The treasurer challenged the sufficiency of the bill by motion to dismiss.

Price, the owner of bonds numbered 173, 175, 177, and 179, filed an intervening petition in which he set up a plea of laches and alleged that the bonds by their terms were payable in numerical order.

From a decree dismissing the bill, O'Donnell has appealed.

The other material facts, as alleged in the bill, are these: The City Council of Casper took all the requisite steps to provide for the special improvements in such district, duly levied the assessments on account thereof in the aggregate amount of $189,359.42 against the property in such district, authorized the issuance of such bonds to pay the cost of such improvements, and issued and sold such bonds. The assessments were payable either in cash within thirty days after the first publication of notice by the treasurer that the assessment rolls were in his hands for collection, or in ten equal annual installments with interest at 6 per cent. per annum, payable annually. Annual installments of such taxes and interest became due and payable on the first days of July, 1925, to 1934, inclusive. $20,369.34 of such assessments were paid within the thirty-day period, leaving a balance of $168,-990.08 payable in installments.

This suit was commenced on December 13, 1933. Up to that date the collections on the installments had been approximately 80 per cent. of the amount due, assessments had become delinquent on a large amount of the property within such district, and bonds in the aggregate principal amount of $86,000 had been called and paid in numerical order. If the treasurer continues to pay such bonds in numerical order, the funds derived from the collection of such installments will not be more than sufficient to pay bonds 1 to 271, inclusive, and the bonds of higher serial numbers will not be paid.

It has been the settled practice of the treasurer and his predecessors in office, whenever funds had accumulated from the collection of such installments in excess of the amounts due for interest on such bonds, to call and pay bonds in numerical order, equal to the amount of the excess funds. Shortly before the commencement of this suit the treasurer gave notice that bonds 172 and 173 were called and would be paid on presentation by the owner. Bond 172 was presented and paid.

There are sufficient funds in the hands of the treasurer, derived from the collection of such assessments, to pay the interest on all of such bonds now outstanding.

Chapter 129 (sections 1966 to 2040, inc.), W. C. S. 1920, referred to in the bonds, embraces two statutes, being chapters 101 and 120, W. Sess. Laws 1915. Section 2018, W. C. S. 1920 (section 22-1610, W. R. S. 1931), reads as follows:

"*Interest on bonds, call of bonds.* The city or town treasurer shall pay the interest on bonds authorized to be issued by this chapter out of the respective local improvement funds from which they are payable. The council may provide that whenever there shall be sufficient money in any local improvement fund against which bonds have been issued under the provisions of this chapter, over and above sufficient for the payment of interest on all unpaid bonds, to pay the principal of one or more bonds, the treasurer shall call· in and pay such bonds; provided, that such bonds shall be called in and paid in their numerical order in each series; provided, further, that such call shall be made by publication in the city or town official newspaper in its first publication following the delinquency of the installment of the assessment·or as soon thereafter as is practicable, and shall state that bonds No. ——— (giving the serial number or numbers of the bonds called) will be paid on the day the next interest coupons on said bonds shall become due and interest on said bonds shall cease upon such date."

The bonds, having been issued pursuant to the provisions of chapter 129, W. C. S. 1920, the provisions of section 2018, supra, became a part of the terms of the bonds as effectively as if such provisions

had been expressly incorporated therein. Compagnie Generale Transatlantique v. American Tobacco Co. (C. C. A. 2) 31 F. (2d) 663, 666; Niagara Fire Ins. Co. v. Pospisil (C. C. A. 8) 52 F.(2d) 709, 712, 79 A. L. R. 404; Armour Pack. Co. v. United States (C. C. A. 8) 153 F. 1, 19, 14 L. R. A. (N. S.) 400; Northern Pac. Ry. Co. v. Wall, Admr., 241 U. S. 87, 91, 36 S. Ct. 493, 495, 60 L. Ed. 905.

In the case last cited the court said:

"* * * the laws in force at the time and place of the making of a contract, and which affect its validity, performance, and enforcement, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms."

The assessments were payable in ten equal annual installments. The general statutory plan clearly contemplated that as the funds accumulated from collection of assessments, bonds would be called and paid therewith from time to time. Some method of calling the bonds had to be provided. The language of the proviso, "provided, that such bonds shall be called in and paid in their numerical order in each series," in our opinion plainly provides how the bonds shall be called and paid, namely, in numerical order. The statute may require an order from the council before bonds may be called and paid, but when the council does so, they must be called and paid in numerical order.

Section 9407, Rem. Comp. Stat. (Wash.), is identical with section 2018, supra, except that it does not contain the words, "the council may provide that."

The Supreme Court of Washington, in construing section 9407 in State v. Mills, 133 Wash. 681, 234 P. 1042, 1045, 238 P. 581, said:

"Although appellant and counsel amici curiæ supporting him construe the statute otherwise, and say that the provisos contained in section 9407, supra, only control the calling of bonds serially before maturity, we cannot agree therewith. In our opinion the section in question plainly and intentionally contemplates that the bonds shall be issued and numbered serially and paid in serial order."

The fact that the Wyoming statute contains the clause, "the council may provide that," does not distinguish the instant case from the Washington case. By the statute and the terms of the bonds, the council is authorized to so provide. We must assume it has done so. There is a presumption of regularity of official action and of authority therefor. Anderson v. P. W. Madsen Inv. Co. (C. C. A. 10) 72 F.(2d) 768; Weaver v. United States (C. C. A. 4) 72 F. (2d) 20. The treasurer has been calling and paying the bonds in numerical order. We must presume, in the absence of a contrary showing, he has acted regularly and with the requisite authority.

The decree is affirmed.