**UNITED STATES v. MARKS, and four other cases.**

**Nos. 6304–6308.**

District Court, D. Connecticut.

Feb. 21, 1940.

Robert P. Butler, U. S. Atty., of Hartford, Conn., and Valentine J. Sacco, Asst. U. S. Atty., of Hartford, Conn.

Charles M. Lyman, of New Haven, Conn., for defendants John Marks, Edward C. Monahan, Edward McCarthy and Edward V. Hagen.

Anthony S. Avallone, of New Haven, Conn., for defendant George Cole.

MOSCOWITZ, District Judge.

By consent these five cases, in which the defendants were charged with the illegal possession of heroin, were tried together by the Court, a jury trial having been waived.

The defendants were arrested by the State Police. Upon searching the persons and automobile of the defendants one package was found in the trousers of the defendant Cole, one was in defendant Monahan's brief case, and one was found by the roadside by Officer Baylis where he had arrested the defendants. Officer Baylis testified that, as to the fourth package, McCarthy admitted that he hid it under the mat on the floor of the car and in so doing some of the "white powder" spilled on his sweater. Officer Baylis testified that the package found by the roadside was at a point where the automobile was first stopped and that this package was wrapped and folded similarly to the other packages in defendants' possession.

Officer Baylis, at the time of the arrest of these defendants, immediately took possession of these four packages and placed his initials, badge number and the date on each of the four packages. He testified that each of these packages was in the same condition as they were on the day of the arrest. Officer Baylis, on the following morning after the arrest, delivered these four packages to Federal Narcotic Agent Don Gray who took them away. These packages were placed in envelopes on which appears the handwriting of Agent Gray. The handwriting of Agent Gray was proven by the testimony of Mr. Morawski, United States Chemist, and Mr. Rivard, a Connecticut State Narcotic Agent.

Mr. Rivard testified that he examined the contents of the packages and that they contained a white powder, and that by the taste and appearance he could identify the contents of the packages as heroin.

Mr. Morawski testified that he received by registered mail on May 17th, 1939, a manila envelope containing the four sealed envelopes signed by Agent Gray and that he thereupon made an analysis of the contents of these packages and found them to contain heroin. That in due course the chemist reported as to the contents of the packages to Agent Gray. Agent Gray died September 28, 1939.

Upon the trial the packages were received in evidence over the objection of the defendants' attorneys; the objection being upon the ground that continuity of possession had not been shown. Upon the evidence the Court found the defendants guilty and imposed sentence and took under advisement a motion made by the defendants to set aside the judgment of conviction and to discharge the defendants. The sole question for consideration is whether or not continuity of possession has been sufficiently shown to admit the packages in evidence.

To uphold the defendants' contention, the Court would have to assume that Narcotic Agent Gray did not perform his duty. He was a public officer and was required under the rules and regulations to deliver the packages seized from the defendants, without physical alteration of the contents, to the United States Chemist. It is presumed that public officers perform their duty as such. See United States v. Standard Silk Co., D.C., 12 F.Supp. 54; United States v. Johnson, 10 Cir., 87 F.2d 155; United States v. McClure, D.C., 4 F. Supp. 668; United States ex rel. Ulmer v. Phillips, D.C., 24 F.Supp. 115; McKay v. Rogers, 10 Cir., 82 F.2d 795; O'Donnell v. Cullen, 10 Cir., 76 F.2d 955; Texas & N. O. R. Co. v. United States, D.C., 10 F.Supp. 198. It is therefore presumed that Narcotic Agent Gray performed his duty and that in the performance of his duty he delivered the packages intact as he was required to do, to the United States chemist. Therefore the packages were properly admitted in evidence. See Boyd v. United States, 9 Cir., 30 F.2d 900; Roush v. United States, 5 Cir., 47 F.2d 444; Friedman v. United States, 6 Cir., 13 F.2d 632.

The guilt of the defendants is clear. The judgment will not be disturbed.