*728 OPINION.
Love:
The only issue remaining to be decided in this proceeding is whether the collection of the deficiencies of $153.06 and $3,286.48 for the fiscal years ended May 31, 1917, and May 31, 1918, respectively, is barred by the statute of limitations applicable thereto. We will consider the question first as it relates to the fiscal year 1917.
*729 The 1917 returns were filed on May 6, 1918. Under section 250 (d) of the Revenue Act of 1921, the five-year period for the collection of the taxes for 1917 expired on May 6, 1923. This condition continued and existed on June 2, 1924, the date the Eevenue Act of 1924 was approved. The six-year period for collection after assessment provided for in section 278 (d) of the Eevenue Act of 1924, was not, therefore, applicable. See section 278 (e) of the Eevenue Act of 1924, and Russell v. United States, 278 U. S. 181. When petitioner, on June 12, 1924, signed the consent in writing provided for in section 250 (d) of the Revenue Act of 1921, and section 278 (c) of the Revenue Act of 1924, it again revived the liability and extended the time for collection until June 12, 1925, inclusive. Stange v. United States, 282 U. S. 270. The period for the collection of the taxes for 1917 again expired on June 12, 1925. This condition continued and existed on August 4,1926, the date the respondent mailed to petitioner the deficiency letter, on October 4, 1926, the date petitioner filed its petition for a redetermination with this Board, and on November 11, 1926, when the collector applied or credited $153.06 of the overassessment for the fiscal year 1919 against the then unabated and unpaid portion of the March, 1923, assessment for the fiscal year 1917. The action of the collector taken on November 11, 1926, amounted to a payment on that date of the deficiency of $153.06 here in question. Boston Pressed Metal Co. v. United States, 42 Fed. (2d) 312; affirmed by the Supreme Court in Graham v. Goodcell, 282 U. S. 409. Under section 611 of the Eevenue Act of 1928, a payment made under the circumstances recited in our findings “ shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection.” In this connection the Supreme Court, in Graham v. Goodcell, supra, said:
There is also a contention that section 611 does not apply when the tax was paid by the credit of the amount of an overpayment for another taxable year. But the application of a credit against an assessment at a time when collection was barred must be regarded as an erroneous collection, and we see no reason for taking such a case out of the statute.
Petitioner has placed some reliance upon the fact that the credit made by the collector on November 11, 1926, was made while section 1106 (a) of the Revenue Act of 1926 was in effect. This distinction does not affect the result. See Mascot Oil Co. v. United States, 282 U. S. 434, in which the Supreme Court said:
The Congress had constitutional authority in the circumstances set forth in section 611 of the Revenue Act of 1928 to cure the defect in administration which had resulted in the collection of the tax after the statute of limitations had run and to deny recovery to the taxpayers for the amount paid. The fact that section 1106 (a) of the Revenue Act of 1926 was in effect at the time of the collection is a distinction which does not affect the result.
*730 The deficiency of $153.06 for the fiscal year 1917 has been paid and we know of no provision of law that would authorize its return to this petitioner.
All that we have said with respect to the deficiency for the fiscal year 1917, applies with equal force to the amount of $1,876.95 which the collector, on November 11, 1926, applied or credited against the February, 1924, assessment of additional taxes for the fiscal year 1918. It only remains for us to determine whether the collection of the balance of the February, 1924, assessment of additional taxes for the fiscal year 1918, of $1,756.69 (or perhaps $1,409.53, if it becomes necessary to decide the exact amount) is at the present time barred by the statute of limitations applicable thereto.
Petitioner contends that in accordance with the provisions of the letters by which the two tax collection waivers were transmitted to the collector, the said waivers did not revive any right or power of the respondent to collect any tax with respect to which the statutory period for collection had expired, but merely operated to continue ■such rights or powers of collection as the respondent already possessed. At the time the alleged waiver here in question was signed and delivered, (November 27, 1928) the case, of Russell v. United States, supra, had not been decided by the Supreme Court, and the legal right of the Commissioner to collect, within six years, a tax timely assessed, was openly asserted.
That the petitioner did not intend to revive a right to collect a tax at that time barred by the statute of limitation, is manifest from the explicit terms of the letter which accompanied the alleged waiver. By accepting that alleged waiver, limited, as it was by the accompanying letter, the collector and the Commissioner were fully informed of petitioner’s purposes and intent, were not in any manner misled, and lost no right which the Government then possessed.
Under such circumstances, to hold that the document did revive the cause of action would be imputing to it a meaning wholly repugnant to its explicit terms. That the letter accompanying the alleged waiver formed a part of that document, and should be considered in connection with it, is fully authorized, as is clearly indicated in Buling Case Law, vol. 6, p. 850, par. 240, and cases therein cited.
In this view of the matter, it is unnecessary to discuss the question of duress.
It follows that the collection of the balance of the February, 1924, assessment of additional taxes for the fiscal year 1918 is now barred by the statute of limitation applicable thereto.
Beviewed by the Board.

Judgment of no deficiency will be entered.