ROBERT AND GWEN HANSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hansen v. Commissioner
Docket No. 9667-88.
United States Tax Court
T.C. Memo 1995-433; 1995 Tax Ct. Memo LEXIS 433; 70 T.C.M. (CCH) 637; September 7, 1995, Filed *433 Decision will be entered under Rule 155. Daniel Neustrom, for petitioners. Julie Foster, for respondent. WRIGHT, Judge WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6659
12/31/79
$ 6,590
[1] $ 330
-
$ 1,977
12/31/80
9,315
[1] 466
-
2,795
12/31/81
11,668
583
[2]
3,500
12/31/82
10,550
528
[2]
3,153
12/31/83
2,509
125
[2]
753
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years before the Court, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the sole issue for decision is whether the period of limitations on assessment for taxable years 1982 and 1983 expired prior to the issuance of the statutory notice of deficiency. Background
The facts of this *434 case are fully stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein. Petitioners are husband and wife and resided in Lakeside, California, at the time they filed their petition. Petitioners filed timely Federal income tax returns for taxable years 1982 and 1983 on March 29, 1983, and February 6, 1984, respectively. By letter dated November 13, 1985, an agent for respondent forwarded Form 872-A, Special Consent to Extend the Time to Assess Tax, to petitioners. This letter states the following: Robert and Gwen Hansen 9258 Calle Lucia Lakeside, CA 92040 Re: Statute extension for tax year 1982 Dear Mr. and Mrs. Hansen: Thank you for your conversation today regarding the form 872-A, Special Consent to Extend the Time to Assess Tax. Find enclosed two copies of form 872-A, for signature, and a copy of Publication 1035, explaining the process of extending the tax assessment period. If you have any questions regarding the form, please call me at the above telephone number. As I explained during our conversation, one or more of the investment items on your returns have been selected for audit in San Diego. I cannot *435 close your file until I have information regarding the ongoing audit(s). The 872-A allows for all factors to be completed to the satisfaction of the service and to the taxpayer. Please return the forms in the enclosed envelope at your earliest convenience.
Paragraph (1) of the Form 872-A that petitioners received states the following: (1) the amount(s) of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended * * * may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. A final adverse determination subject to declaratory judgment under sections 7428, *436 7476, or 7477 of the Internal Revenue Code will not terminate this agreement.
On November 19, 1985, petitioners executed Form 872-A, extending the assessment period with respect to their taxable year ending December 31, 1982. Respondent signed this Form 872-A on November 26, 1985. On January 25, 1987, petitioners executed Form 872-A with respect to their taxable year ending December 31, 1983. [1] Respondent signed this Form 872-A on February 9, 1987. Neither petitioners nor respondent executed Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, with respect to either taxable year. After executing Forms 872-A, petitioners did not receive a hearing with the Internal Revenue Service (IRS) prior to its completion of the audit of petitioners' returns. Discussion
Petitioners argue that the statutory notice of deficiency in the instant *437 case was issued after the period of limitations on assessment had expired under section 6501. Petitioners contend that the completed Forms 872-A fail to extend the assessment periods for their 1982 and 1983 taxable years, because both consent forms were conditioned on petitioners' receiving a hearing prior to the completion of the audit of their 1982 and 1983 returns. Having not received a hearing, petitioners argue that a necessary condition precedent to each consent agreement was not satisfied, and both Form 872-A are thereby invalid. Respondent argues that both Forms 872-A effected valid waivers, and the assessment periods for both taxable years remained open at the time the statutory notice of deficiency was issued in the instant case. We agree with respondent. In resolving the issue in the instant case, it is necessary for us to make two determinations. First, we must ascertain whether the consents signed by petitioners are valid. If neither consent is determined to be valid, we need go no further, because the issuance of the statutory notice of deficiency would have occurred after the expiration of the assessment period for the taxable years at issue. If, however, this initial *438 inquiry results in a finding that the consents are valid, it will then be necessary to determine whether the waivers were terminated by an event occurring subsequent to their creation. We begin with the first inquiry. Section 6501 provides the general rule that a tax must be assessed within 3 years of the filing of a return. Section 6501(c)(4) authorizes the IRS and the taxpayers to extend the period of limitations on assessment by written agreement. Whereas petitioners timely filed Federal income tax returns for both 1982 and 1983, the assessment period would have expired before the issuance of the statutory notice of deficiency in the instant case unless it is established that petitioners extended the assessment period by executing valid waivers. Petitioners contend that both Forms 872-A are invalid because they were not provided a hearing prior to the IRS' completion of its audit of their returns for 1982 and 1983, as was required by the written agreement between the parties. Petitioners assert that this agreement was the principal factor motivating their decision to execute the waivers. Petitioners further contend that the agreement is evidenced by the language used in the letter, *439 dated November 13, 1985, which they received from a revenue agent. This letter explained that the revenue agent was unable to close petitioners' file prior to receiving the results of the ongoing audit and that a completed consent form would allow "for all factors to be completed to the satisfaction of the service and to the taxpayer." It is upon the above-quoted phrase that petitioners base their entire argument. Petitioners argue that all factors were not completed to their satisfaction because they did not receive a hearing prior to the completion of the audit, as was required by the alleged agreement. The record does not contain sufficient evidence regarding the existence of a similar letter accompanying the second consent form that was provided to and completed by petitioners. Petitioners maintain, however, that they would not have executed the consent for 1983 absent the alleged agreement contained in the above-mentioned letter, dated November 13, 1985, which accompanied the consent form for 1982. Despite petitioners' allegation that the revenue agent promised to grant them a hearing prior to the completion of the audit, the record lacks any credible evidence of this promise. *440 Where, as here, the consent is valid on its face, the taxpayer maintains the burden of affirmatively showing the invalidity of the written consent. Crown Willamette Paper Co. v. McLaughlin, 81 F.2d 365 (9th Cir. 1936); Schulman v. Commissioner, 93 T.C. 623 (1989); Concrete Engg. Co. v. Commissioner, 19 B.T.A. 212 (1930), affd. 58 F.2d 566 (8th Cir. 1932). Moreover, it has long been established that a revenue agent lacks the authority to bind the Commissioner. See United States v. Stewart, 311 U.S. 60 (1940); Bornstein v. United States, 170 Ct. Cl. 576, 345 F.2d 558 (1965); Wilkinson v. United States, 157 Ct. Cl. 847, 304 F.2d 469 (1962); Houlberg v. Commissioner, T.C. Memo. 1985-497. Additionally, an estoppel claim usually fails when a taxpayer claims to have acted in reliance on the erroneous advice of a revenue agent. Cf. Boulez v. Commissioner, 76 T.C. 209 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987); *441 Montgomery v. Commissioner, 65 T.C. 511, 522 (1975). Contrary to the position maintained by petitioners, an agreement that grants consent to the extension of the period of limitations is not a contract but a waiver. Stange v. United States, 282 U.S. 270 (1931); Mecom v. Commissioner, 101 T.C. 374 (1993), affd. without published opinion 40 F.3d 385 (1994). Nevertheless, principles of contract law are significant because section 6501(c)(4) requires the use of a written agreement, and the terms of such agreement are determined by looking to the objective manifestations of mutual assent between the parties. Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). This Court has held that consents are unconditional and without restriction in cases where the taxpayers executed consents in the belief that the consent was conditional but failed to reduce their understanding to writing. See Kronish v. Commissioner, 90 T.C. 684 (1988); Tallal v. Commissioner, 77 T.C. 1291 (1981). On *442 the other hand, we have granted relief from a consent which appeared unrestricted on its face after looking to documents forwarded by the taxpayer to an agent of the Commissioner along with the consent. See Windfall Grain Co. v. Commissioner, 23 B.T.A. 725 (1931); Smith v. Commissioner, T.C. Memo. 1989-87. These cases illustrate that in order for a consent to be found conditional, two factors generally must be met. First, there must be an agreement as to the condition between the parties. Second, this agreement usually must be reduced to writing. See Schulman v. Commissioner, supra at 641. It is the objective manifestation of mutual assent as evidenced by the parties' overt acts, not their individual intentions, that determines whether the parties have made an agreement. Kronish v. Commissioner, supra at 693. Petitioners cite Smith v. Commissioner, supra, in support of their argument that the consent waivers they executed were conditioned on the receipt of a hearing. This reliance is misplaced. The Smith case is *443 factually distinguishable from the instant case. In Smith, the taxpayers returned their signed consent waivers to the IRS along with a supporting cover letter in which they expressly conditioned their consent. We held that the taxpayers adequately expressed their objective manifestation of assent in the conditional cover letter. It was therefore appropriate to look to the attached cover letter in order to appreciate the agreement of the parties. In contrast, petitioners in the instant case did not attach a conditional cover letter to the completed consent forms prior to returning them to the IRS. Instead, petitioners rely solely on a revenue agent's transmittal letter as establishing the condition to their consents. Petitioners would have us read a condition into the transmittal letter that is not apparent from a plain reading of the language used in that letter. We are unprepared to do so. Neither the waiver forms nor the transmittal letter contained an express or implied promise to grant petitioners a hearing prior to the completion of the audit. More importantly, petitioners failed to make any attempt to modify the consent forms so as to reflect that the consent was conditioned *444 on the receipt of a hearing. There is insufficient evidence to conclude that a mutual agreement existed between the parties to condition petitioners' consent on anything outside the four corners of the consent form itself. In two cases, both very similar to the instant case, the taxpayers were held to the unambiguous and unrestricted language of the consent form. See Houlberg v. Commissioner, supra; Ravin v. Commissioner, T.C. Memo. 1981-107, affd. without published opinion 755 F.2d 936 (9th Cir. 1985). We see no reason here to hold differently. As the Code does not require the IRS to confer with a taxpayer prior to completing its audit of a taxpayer's return, we hold that the consents executed by petitioners are not conditioned as petitioners contend but are valid and were in full effect upon execution by the parties. Having determined that the consents executed by petitioners are valid, we must proceed with our second inquiry. It is now necessary to ascertain whether the waivers remained in effect at the time the statutory notice of deficiency was issued or whether they previously had been *445 terminated. Both parties agree that petitioners did not execute Form 872-T with respect to either waiver. We think this fact alone is sufficient to hold that the waivers remained in effect at the time respondent issued the statutory notice of deficiency. Grunwald v. Commissioner, 86 T.C. 85 (1986). The waivers signed by petitioners unambiguously state that the waivers remain effective until the 90th day after the "Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax." In Grunwald v. Commissioner, supra, we explained that when parties execute Form 872-A, they enter into an agreement to extend the period for assessment. Under the terms of the agreement, either party can terminate the waiver by properly executing and mailing to the other party a Form 872-T. The terms of the agreement also permit the Commissioner to terminate the waiver by mailing a statutory notice of deficiency to the taxpayer. We rejected the taxpayer's argument that a letter from an Appeals officer extending a final settlement offer was sufficient to terminate *446 the waiver resulting from Form 872-A, and held the parties to the unambiguous language of their agreement. Id. at 89. We explained that the agreement between the parties limited the manner in which either party could terminate the waiver and that the contention advanced by the taxpayer was not among the three alternatives encompassed by the agreement. Id.
Similarly, in the instant case, the parties reached unconditional agreements by executing Forms 872-A. The terms of these agreements limited the manner in which either party could terminate the waivers in a fashion identical to the three limitations in Grunwald v. Commissioner, supra. As we explained in Grunwald: "A deal is after all a deal, and fairness dictates that both parties adhere to the provisions of the document they both voluntarily signed." Id. at 89. Nothing suggests that we should hold differently now. None of the three methods of effecting a termination of the waivers occurred prior to the time respondent issued the statutory notice of deficiency. Accordingly, we hold that the waivers signed by petitioners were *447 not terminated prior to the issuance of the statutory notice of deficiency but remained in full effect. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. The additions to tax for 1979 and 1980 were determined pursuant to sec. 6653(a).↩
2. 50 percent of the interest due on $ 11,668, $ 10,550, and $ 2,509 for taxable years 1981, 1982, and 1983, respectively.↩
1. The language used in Form 872-A executed for taxable year 1983 is identical to the language used in Form 872-A executed for taxable year 1982.↩