T.C. Memo. 2004-218

UNITED STATES TAX COURT

JOSEPH A. AND CAROL DELVECCHIO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6893-03L.          Filed September 27, 2004.

Joseph A. DelVecchio and Carol DelVecchio, pro sese.

<u>Leonard T. Provenzale</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioners, while residing in Stuart,
Florida, petitioned the Court under section 6330(d) to review
respondent's determination as to his proposed levy upon
petitioners' property.[1]  Respondent proposed the levy to collect

---

[1] Unless otherwise noted, section references are to the
applicable versions of the Internal Revenue Code.  Rule
references are to the Tax Court Rules of Practice and Procedure.

Federal income taxes from petitioner Joseph A. DelVecchio of approximately $189,137.62 for 1987 and $177,448.78 for 1988, and from petitioner Carol DelVecchio of approximately $129,600.27 for 1987 and $110,905.53 for 1988.[2]  The case is before the Court on respondent's motion for summary judgment under Rule 121. Petitioners filed a response.

We shall grant respondent's motion for summary judgment.

### Background

Petitioners filed Federal income tax returns for 1987 and 1988.  Upon audit, all parties signed Form 872, Consent to Extend the Time to Assess Tax, allowing respondent until December 31, 1992, to assess "The amount of any Federal Income tax due on any returns made by or for the above taxpayer(s)" for 1987 and 1988. A notice of deficiency was issued for those years on January 20, 1994, and trial was held in this Court on April 21, 1999, in Miami, Florida.  An opinion was issued, holding for respondent. See DelVecchio v. Commissioner, T.C. Memo. 2001-130.[3]  Decision was entered for respondent on August 9, 2001, and assessment was made on November 13, 2001.  The decision was affirmed by the Court of Appeals for the Eleventh Circuit on May 29, 2002.

---

[2] We say "approximately" as these amounts were computed before the present proceeding and have since increased on account of interest.

[3] In part, the Court decided that petitioners are liable for certain deficiencies and that Joseph DelVecchio is liable for additions to tax for fraud.

On May 29, 2002, respondent mailed to petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice). On June 28, 2002, petitioners elected to exercise their right under section 6330 to a hearing with respondent's Office of Appeals. Petitioners attached to the form an explanation of their disagreement with the proposed levy, stating:

> Taxpayers Joseph DelVecchio and Carol DelVecchio do challenge the IRS Final Notice of Intent to Levy based on the fact that the federal statutes cited in the Notice as authorizing the actions in the Notice do not grant the legal authority for the IRS to Levy any assets of the two taxpayers named in each of the two Notices.

Additionally, petitioner Carol DelVecchio claimed relief from joint liability under section 6015 as to the liability underlying both the lien and levy.

Both petitioners elected correspondence hearings. On October 1, 2002, respondent faxed Carol DelVecchio's certified transcripts of assessments to her attorney. On November 5, 2002, respondent sent a letter to Joseph DelVecchio outlining respondent's position and attaching Joseph DelVecchio's certified transcripts of assessments.

Extensive correspondence was exchanged between respondent and both petitioners, culminating in a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1987 and 1988 mailed on April 16, 2003. This notice

sustained the proposed levy, found the assessment legally supported and timely made, and denied Carol DelVecchio's request for relief from joint liability.

The petition followed.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).[4] In responding

---

[4] Petitioners urge respondent's motion for summary judgment must be denied because the parties have not entered into any stipulations. The Court disagrees. Rule 121 does not require stipulations as a prerequisite to the granting of a motion for
(continued...)

to a motion for summary judgment, the nonmoving party must do more than merely allege or deny facts. It must "set forth [in its response] specific facts showing that there is a genuine issue for trial. If the * * * [nonmoving] party does not so respond, then a decision, if appropriate, may be entered against such party." Rule 121(d); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Summary judgment may also be granted if evidence submitted by the nonmoving party is merely colorable or not significantly probative. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Petitioners have failed to raise any genuine issue of material fact, and summary judgment is appropriate.

Section 6331(a) provides that if a person who is liable to pay any tax refuses to pay such tax within 10 days after notice and demand for payment, the Secretary may collect such tax by levy on the person's property. Section 6330 provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for administrative review and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). The Court reviews nonliability administrative

---

⁴(...continued)
summary judgment.

determinations for abuse of discretion.  <u>Sego v. Commissioner</u>,
114 T.C. 604, 610 (2000).  The Court reviews determinations of
underlying tax liability de novo.  <u>Hoffman v. Commissioner</u>,
119 T.C. 140, 144-145 (2002).

Petitioners concede in their response that the sole issue
for the Court to decide is whether there was an irregularity in
the assessment shown in the transcripts.  Where, as here, the
issue is whether a valid assessment was made, non-master-file
transcripts which identify the taxpayers, the character of the
liability assessed, the taxable period, and the amount of the
assessment establish the validity of an assessment, absent a
showing of irregularity.  See, e.g., <u>Nestor v. Commissioner</u>,
118 T.C. 162 (2002).

Section 6330(d) and the rule of res judicata act as an
absolute bar to our consideration of collateral issues which have
already been, or should have been, argued before this Court in
<u>DelVecchio v. Commissioner</u>, T.C. Memo. 2001-130.  Following the
mandate of section 6330, we will not consider any of petitioners'
arguments which do not, at least on some arguable basis, address
whether there might have been an irregularity in assessment
within the narrow and precise meaning of section 6330.

Petitioners put forth two arguments to support their
conclusion that the assessment was "irregular" and improper.
First, they argue that Form 872 is a "written agreement" and

therefore precluded respondent from assessing taxes once the agreement set forth therein lapsed. Petitioners contend that assessment of the liability found in DelVecchio v. Commissioner, supra, was improper in that it was made after the period agreed upon in the Form 872. Second, petitioners argue that respondent made a nonjeopardy assessment in this case within the prohibited 90-day window following the notice of deficiency. Petitioners conclude that this alleged improper prior assessment invalidates all subsequent assessments.[5]

A.   Form 872 Does Not Preclude Assessment

Petitioners argue that respondent is precluded from making any assessments because all parties signed Form 872 and thereby extended to December 31, 1992, the time to assess any Federal income tax due for 1987 and 1988. Petitioners urge that Form 872 constitutes a written agreement with the Commissioner and that respondent was bound to assess all taxes (including any fraud penalty) before December 31, 1992. We disagree.

Form 872 is a unilateral waiver by the taxpayer of the 3-year period of limitations of section 6501(a). See, e.g., Stange v. United States, 282 U.S. 270, 276 (1931); Schulman v. Commissioner, 93 T.C. 623, 639 (1989). Petitioners confuse the

---

[5] Petitioners put forward other arguments, trying to assert wrongdoing by respondent such as alteration of official documents. We have considered all other arguments and have found those not discussed to be meritless.

general 3-year period of limitations specified in section 6501(a) with the longer period of limitations in section 6501(c)(1) (fraud). In the liability case, petitioner Joseph DelVecchio was held to have filed fraudulent returns for both years. Thus, the indefinite period of limitations for fraud provided for in section 6501(c)(1) applies to both petitioners. See Vannaman v. Commissioner, 54 T.C. 1011, 1018 (1970).

Form 872 does not affect the operation of section 6501(c)(1); it operates solely to extend the period of limitations with respect to the general 3-year period of limitations in section 6501(a). Once this Court found there was fraud (with the attending indefinite period of limitations), Form 872 became inapplicable and assessment could be made at any time.

B.   Any Prior Assessment Errors Were Harmless

Petitioners allege that respondent made his first assessment on April 7, 1994, while the 90-day period for filing a petition in response to the notice of deficiency was still open. Petitioners argue that this procedural gaffe invalidates the assessment of November 13, 2001. We disagree.

Even assuming arguendo that petitioners are correct on the facts, no relief is available since a correct assessment was made within the appropriate period of limitations. We therefore hold any errors in assessments to be de minimis harmless error. Had this issue been presented in the initial proceeding and had

respondent attempted to assess or collect a tax before this Court's decision became final, the remedy available to petitioners would have been an injunction against collection or refund of any tax so collected. See sec. 6213(a). A premature assessment, if any occurred, would not taint this proposed levy, which seeks to collect an assessment that was timely and validly made.

C.    Conclusion

We hold that:  (1) The assessments were valid, see Kuglin v. Commissioner, T.C. Memo. 2002-51; see also Duffield v. Commissioner, T.C. Memo. 2002-53, (2) the Appeals officer satisfied the verification requirement of section 6330(c)(1), see Yacksyzn v. Commissioner, T.C. Memo. 2002-99, and (3) petitioners have not demonstrated in this proceeding any irregularity in the assessment procedure which would raise a question about the validity of the assessment.  See Mann v. Commissioner, T.C. Memo. 2002-48.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.